<u>SEVENTEENTH CAUSE OF ACTION</u>
<u>ASSAULT</u>

373.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 372 as if separately set forth herein.

374.    Plaintiff is a reasonable person with good moral character.

375.    Defendants, the landlord and Alan Lapes, its agents, employees, and managers, including Angela Saidana constantly and intentionally create an apprehension of immediate physical harm by means of overt gestures, specifically, by pushing plaintiff to the ground, inciting and instigating police officer to harass and threaten Ochei with arrest, and planting thugs masquerading as tenants to terrorize Ochei for purpose of creating in Ochei constant apprehension of immediate physical harm in order to force her eviction.

376.    Defendants, Officer Kalkau, Partner "John Doe", Officer Martin, and Supervisor "John Doe" intentionally created apprehension of physical and mental anguish by means of overt gestures, specifically, by entering Ochei's room without her permission while she was in custody, by subjecting her to body search at a public area, by handcuffing her to a bench opposite a cell where a male detainee was barraging Ochei with insults, derogatory remarks, and profanity, by detaining her in a holding cell for approximately twenty (20) hours with a group of about twenty detainees before her arraignment and by denying her medical treatment.

377.    Defendant, the Hon. J. Burke created apprehension of physical and mental anguish by repeatedly issuing a restraining order to Ochei at each adjournment of trial and repeatedly warning Ochei that she would be arrested if she ever went anywhere near Angela Saidana.

378.    Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

379.    Defendants, the landlord, Mr. Lapes, Raymond W. Kelly, Robert M. Morgenthau,

and the State, County and City of New York are liable under the doctrine of *respondeat superior.*

380.    Defendants, the landlord, Alan Lapes, Angela Saidana, Officer Kalkau, Officer Martin, Officer Supervisor "John, Doe" the Hon. J. Burke, Raymond W. Kelly, and NYC are all therefore liable for injunctive relief, and for actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate to the proof.

<u>EIGHTEENTH CAUSE OF ACTION</u>
<u>BATTERY</u>

381.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 380 as if separately set forth herein.

382.    Without the consent of Ochei, defendant, Angela Saidana, intentionally, harmfully, and offensively touched Ochei by pushing Ochei to the ground.

383.    Without the consent of Ochei, defendant, Officer Kalkau intentionally, harmfully, offensively touched Ochei during the fingerprinting process that lasted 30 to 60 minutes, and by handcuffing her four times, first at the time of Ochei arrest, second to a bench opposite a cell where a male detainee inside the cell barraged Ochei with insulting profane and obscene remarks, third while escorting her upstair to another cell, and fourth, while escorting Ochei to a patrol car to be transported to police headquarter at 100 Center Street.

384.    Without the consent of Ochei, defendant Supervisor "John Doe" directly caused Officer Kalkau and Officer Martin to intentionally, harmfully, and offensively touch Ochei by ordering these officers to handcuff, body-search and fingerprint Ochei.

385.    Without the consent of Ochei, defendants Officer Martin intentionally, harmfully, offensively touched Ochei by unzipping her pants and patting different areas of her body, including but not limited to her breast at the public area of 18 precinct.

386    Without the consent of Ochei, defendant Supervisor "John Doe" and Officer Kalkau

indirectly caused an unknown police officers at the police headquarter 1 Police Plaza to intentionally, harmfully, and offensively touch Ochei by fingerprinting and body-searching and fingerprinting Ochei.

387.    Defendants, the landlord, Mr. Lapes, Raymond W. Kelly, Robert M. Morgenthau, and the State, County and City of New York are liable under the doctrine of *respondeat superior*.

388.    Defendants Angela Saidana, Officer Kalkau, Officer Martin and Supervisor "John Doe" are all therefore liable for injunctive relief, and for actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate to the proof.

## NINETEENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

389.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 388 as if separately set forth herein.

390.    Defendant, Erin Choi's initiation of criminal proceeding against Ochei based on mere fabricated complaint and false testimony of Officer Kalkau and Angela Saidana, regardless of whether Ochei was guilty or innocent, and expressly for the collateral purpose of "arming" the landlord in its eviction litigation action, was unconscionable, malicious, intentional, and calculated to inflict grievous emotional distress upon Ochei which it did.

391.    Defendants intentionally and deliberately inflicted emotional distress on Ochei by maliciously prosecuting Ochei, and by abusing the lawful process by unlawful purpose, and by violating Ochei's constitutional rights, and by falsely arresting and imprisoning Ochei, by conspiring against Ochei, and by interfering with Ochei's state and city civil rights by threats, coercion, and intimidation, and knew or should have known that emotional distress was the likely result of their conduct.

392.    Defendants' conduct was extreme and outrageous, beyond all possible bounds of

74

decency and utterly intolerable in a civilized community and society.

393.    The actions of the defendants were the cause of Ochei's distress.

394.    Ochei is a reasonable person with good moral character.

395.    The emotional distress sustained by Ochei was severe and of a nature that no reasonable man or woman could be expected to endure

396.    As a result of the defendants' extreme and outrageous conduct, plaintiff was, is, and with a high degree of likelihood, will continue to be emotionally distress due to the intentional exclusion.

397.    Defendants, the landlord, Mr. Lapes, Raymond W. Kelly, Robert M. Morgenthau, and the State, County and City of New York are liable under the doctrine of *respondeat superior*.

398.    As a result of the Defendants' extreme and outrageous conduct, Ochei has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

399.    For the intentional infliction of emotional distress, defendants are all therefore jointly and severally liable for actual, general, special, compensatory damages, and for punitive damages in amounts appropriate to the proof at trial.

<u>TWENTIETH CAUSE OF ACTION</u>
<u>NEGLIGENCE</u>

400.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 399 as if separately set forth herein.

401.    Defendants the State, County and City of New York and Police Commissioner, Raymond W. Kelly, owed a duty to supervise or train the officers and to prevent events such as occurred here, specifically, the false arrest, invasion of privacy, fabrication of evidence, and imprisonment and swearing to charge without probable cause

402. Defendants NYC and the District Attorney, Robert M. Morgenthau, owed a duty to supervise or train the Assistant District Attorneys and to prevent events such as occurred here, specifically, the unfair and wrongful prosecution of Ochei based on false and misleading Complaint and false statements obtained from Officer Kalkau and Ms Saidana and without probable cause.

403. Defendants NYC and the Hon. J. Burke, owed a duty to provide equal justice and to prevent events such as occurred here, specifically, the false and wrongful prosecution, and denial of equal justice without an opportunity to confront her accusers and plead her defense.

404. Defendants, Assistant District Attorney, Erin Choi, Officer Kalkau Officer Martin and Supervisor "John Doe owed a duty to act according to the standard of ordinary care by an assistant district attorney, and police officers, specifically, to conduct investigation, the failure of which was the proximate cause of Ochei's injury.

405. Defendants, the landlord and Alan Lapes, owed a duty to supervise or train their agents, and employees, including Angela Saidana, and to prevent events such as has been occurring at the dwelling unit where Ochei resides, including but not limited to the events leading to Ochei's arrest, specifically, the unlawfully interference with Ochei's peaceful and quiet enjoyment of her possessory right of her dwelling unit without probable cause.

406. Defendant, Angela Saidana owed a duty to act according to the standard of ordinary care by an agent or employee of a residential real estate corporation specifically, to conduct investigation of a tenant's request for repair of damage to utilities or maintenance or restoration of service, the failure of which was the proximate cause of Ochei's injury.

407. Defendants, NYC and Police Commissioner, Raymond W. Kelly, District Attorney, Robert M. Morgenthau, the Hon. J. Burke, the landlord and Alan Lapes breached that duty by failing to act as ordinary police commissioner, district attorney, judge, or landlord would

act, specifically, by failing to perform their duties and by failing to adequately control and supervise their officers, agents and/or employees and by failing to properly and adequately administer the investigatory and judicial process.

408.    As a result of those breaches which were the proximate cause of Ochei's injury, Ochei suffered harm and damages.

409.    Defendants, the landlord, Mr. Lapes, Raymond W. Kelly, Robert M. Morgenthau, and the State, County and City of New York are liable under the doctrine of *respondeat superior*.

410.    For the negligence, defendants are all therefore liable for injunctive relief, and for actual, special, compensatory and punitive damages, in an amount deemed at time of trial to be just, fair, and appropriate to the proof.

## TWENTY- FIRST CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

411.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 410 as if separately set forth herein.

412.    Defendants continually negligently inflicted emotional distress on the plaintiff.

413.    Defendants had a continually affirmative duty to perform their professional service in such a manner as not to inflict emotional distress on the plaintiff.

414.    Defendants breached their duties to the plaintiff.

415.    The plaintiff never interfered with the defendants obligations under the above-described duties.

416.    Plaintiff suffered not only physical symptoms but also, as a consequence of the physical injury, mentally by defendants' breach of their duties.

417.    Plaintiff was, is, and with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of defendants

418.    Defendants, the landlord, Mr. Lapes, Raymond W. Kelly, Robert M. Morgenthau, and the State, County and City of New York are liable under the doctrine of *respondeat superior*.

419.    As a result of the Defendants' negligent conduct, Ochei has suffered and will continue to suffer physical symptomatologies pain and anguish, severe emotional trauma, embarrassment, and humiliation.

420.    Defendants, the landlord, Alan Lapes, Angela Saidana, Officer Kalkau, Officer Martin, Officer Supervisor "John, Doe" the Hon. J. Burke, Raymond W. Kelly, and NYC are all therefore liable for injunctive relief, and for actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate to the proof.

## DAMAGES

421.    Plaintiff contends that by impairing the liberty interest in reputation, the property interest in tenancy and nursing license, and the safety and economic well-being of plaintiff, defendants:

(a)    abuse of law enforcement process and the judicial system to harass and intimidate plaintiff violated the constitutional rights of plaintiff.

(b)    denial of fair and speedy trial under the guise of plea bargain offer violated the constitutional rights of plaintiff.

(c)    automatic assignment of counsel to criminal defendants without considering conflict of interest issue and without counseling plaintiff violated the constitutional rights of plaintiff.

(d)    assignment of counsel who do not represent plaintiff's interest and arbitrary denial or ignoring of plaintiff's motion to proceed *pro se* violated the constitutional rights of plaintiff.

(e)    arbitrary adjournments of trial while denying plaintiff an opportunity to plead her

defense violated the constitutional rights of plaintiff.

422    Plaintiff contends that as a result of the defendants' violating plaintiff's statutory

and constitutional rights, plaintiff has been forced to expend considerable sums of money

seeking relief from the defendants' unlawful acts in order to repair the damage to her good name

and reputation.

423.    Plaintiff contends that plaintiff has incurred and will incur loss of revenue that

defendants could have reasonably anticipated had the defendants not engaged in the unlawful

discriminatory acts and practices complained of herein.

424.    Plaintiff contends that the plaintiff is unable at this time to calculate exactly or

finally the amounts of the damages she has incurred or that she will incur as a consequence of the

unlawful acts of the defendants,  Plaintiff alleges that but for the unlawful acts by the defendants,

she would have earned her Registered Nurse License to practice nursing in New York State and

other states, would have gained admission for her masters degree program and would have

gotten an employer sponsorship for her permanent resident visa which was her aim when she

switched from her educational background in Accounting and Finance to Nursing.  Plaintiff has

not retained an expert to calculate or estimate her current and future losses of revenue and

employment and/or business opportunities.

425.    Plaintiff contends that the plaintiff has suffered and continues to suffer mental

pain and anguish, emotional distress, humiliation, and embarrassment as a direct result of

defendants' unlawful conduct.  As a result of the unlawful actions of defendants, plaintiff avers

that she is entitled to punitive damages in the amounts appropriately to be proof at trail.

426.    Plaintiff contends that defendants are not cloaked with judicial immunity against

damage suits for rights violations.  Nor are the defendants cloaked with judicial immunity when

what it has done, its function must be viewed as entirely administrative in nature.

427.    Plaintiff contends that a criminal court judge does not have judicial immunity when he acted in an administrative capacity to assign a criminal defense counsel to plaintiff's case or when he violated plaintiff's constitutional right by denying or ignoring her oral motion to proceed *pro se*.

428.    Plaintiff contends that a police officer or a prosecutor does not have judicial immunity when his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known *Doe v. Phillips*, 81 F.3d 1204, 1211 (2d Cir. 1996) (quoting *Harlow v. Fitzgerald*, 457 800,818, 73 L. 2d 396, 102 S. Ct. 2727 (1982)); *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990).  Plaintiff alleges that defendant, Erin Choi intentionally, maliciously and recklessly violated plaintiff's constitutional right by wrongfully and falsely prosecuting plaintiff based on false complaint of Officer Kalkau and false deposition of Angela Saidana without conducting reasonable investigation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against the defendants as follows:

(a)    declaring all defendants jointly and severally liable for the acts and practices complained of herein;

(b)    declaring that the law enforcement and judicial process as used by the defendants violated the Fourth and Fifth Amendments' Due Process Clause of the United States;

(c)    declaring that the law enforcement and judicial process as used by the defendants violated the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution;

(d)    declaring that the plea bargain offer as used by the defendants; denial of motion to proceed *pro se*; and ineffective assistance of counsel violated the Confrontation Clause of Sixth Amendment of the United States Constitution;

(e)    declaring that the plea bargain offer as used by the defendants; denial of motion to proceed *pro se*; and ineffective assistance of counsel violated the Due Process Clause of the United States;

(f)    declaring that the plea bargain offer as used by the defendants; denial of motion to proceed *pro se*; and ineffective assistance of counsel violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(g)    declaring the discriminatory acts and practices complained of herein are in violation of Federal Civil Rights Act, as amended, 42 U.S.C §§ 1981, 1982, 1983, the New York State Human Rights Law, as amended, Executive Law § 290 *et seq.*, the New York City Human Rights Law, New York, Administrative Code § 8-107 *et seq.*, the Common Law Statute, and the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*;

(h)    enjoining and permanently restraining the landlord from using public entities, private entities, law enforcement and judicial process to harass and intimidate their tenants, including plaintiff;

(i)    enjoining defendants, the landlord, their agents, employees, and successors, and all other persons in active concert or participation from:

        (i)    directly or constructively refusing to rent after a *bona fide* offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to plaintiff because of her race, color or national

origin,

    (ii)    discriminating against plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of plaintiff's race, color or national origin,

    (iii)    coercing, intimidating, threatening, or interfering with plaintiff in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, as amended;

(j)    enjoining defendants, the landlord, their agents, employees, and successors, and all other persons in active concert or participation to:

    (i)    make all necessary modifications to its policies, practices, and procedures of instituting and continuing criminal proceedings,

    (ii)    make all necessary modifications to the landlord's policies, practices, and procedures of offering rental of dwellings to the public, including plaintiff,

    (iii)    train all persons involved in the investigatory phase of the criminal process, e.g. police officers and other law enforcement officers on how to investigate witnesses, otherwise, make proper arrest, process individuals under arrest and file a valid complaint,

    (iv)    train all persons involved in the judicial phase of a criminal process e.g. assistant district attorneys and judges, on how to bring particular criminal charges against a criminal defendant, how to present evidence to a grand jury, and how to evaluate and organize evidence presented by police officers and other law enforcement officer,

    (v)    train  all management, agents, and employees of the landlord on fair

housing laws,

(vi)    promptly surrender the surveillance video monitoring the lobby, and each

floor of the subject premise, including the fourth floor, upon request by

plaintiff, person acting as plaintiff's representative, and law enforcement

officials,

(vii)    make all necessary repairs and provide services to maintain the subject

premise in a safe habitable condition for the tenants, including but not

limited to changing the locks on the community bathroom doors to

prevent easy access by unlocking the doors from outside when occupied

and in use by a tenant, and keeping the community bathroom in such

condition as to prevent health and safety hazard,

(viii)    prevent allowance of strange men and women to share community

bathrooms with defective and unsafe locks;

(ix)    allow monitoring of the landlord's use of the subject premise for homeless

shelter,

(x)    allow monitoring of conduct of all persons residing at the subject premise,

for safety violations and creating hazardous conditions that endanger the

welfare and health status of other tenants with respect to the use of

community utilities and individually owned equipments including without

limitation, the bathrooms, hallways, elevators, kitchen, excessive noise

from stereo sound system, flooding inside the  bathroom floors, clogging

of toilet bowls, and littering the bathroom floors with dirty, used toilet

tissues,

    (xi)    allow monitoring of the landlord's application process and rental

           decisions,

    (xii)   retain records of the use of the subject premise as a homeless shelter, and

           as a rental property for tenants residing under rent regulation law,

    (xiii)  develop written procedures on rental processes and fair housing policy to

           be distributed to all agents, employees, current tenants, and rental

           applicants,

    (xiv)  undertake active efforts and steps to ensure that all current and future

           tenants seek out and obtain assistance from defendants and are assisted in

           a meaningful way to rent apartments or rooms, regardless of race, color or

           national, and

    (xv)   establish a system so that the landlord's agents, and employees can be

           tested for compliance with the NYC housing codes and for unlawful

           discriminatory practices;

(j)     enjoining and permanently restraining these violations of 42 U.S.C §§ 1981, 1982,

      1983 of the Civil Rights Act, as amended, the New York State Human Rights

      Law, as amended, Executive Law § 290 *et seq.*, the New York City Human Rights

      Law, New York, Administrative Code § 8-107 *et seq.*, the Common Law Statute,

      and the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*;

(j)     directing defendants to take such affirmative action as is necessary to ensure that

      the effects of these unlawful discriminatory practices are eliminated and do not

      continue to affect plaintiff's tenancy;

(k)    directing defendants to place plaintiff in the position she would be in but for

      defendants' discriminatory, and unlawful conduct against plaintiff, and to make

her whole for all earnings and other benefits she would have received but for

defendants' discriminatory treatment, including but not limited to wages,

compensation, equity interests, and other lost benefits;

(l)    directing defendants to pay plaintiff compensatory damages for any loss of

employment and housing opportunity and economic losses as well as humiliation,

embarrassment, emotional distress, mental anguish and inconvenience suffered

due to defendants' discriminatory conduct;

(m)    directing defendants to pay plaintiff punitive damages for their intentional

infliction of emotional distress, disregard of and reckless and outrageous conduct

and indifference to plaintiff's statutory rights and as provided by the

Administrative Code, and Common Law;

(n)    directing defendants to reinstate plaintiff to her status as a permanent tenant

residing under federal and state rent regulation and rules with full restoration of

services and benefits, and all other emoluments and entitlements, including

prohibition against future retaliation or violation of 42 U.S.C §§ 1981, 1982, 1983

of the Civil Rights Act, as amended, the New York State Human Rights Law, as

amended, Executive Law § 290 *et seq*., the New York City Human Rights Law,

New York, Administrative Code § 8-107 *et seq*., the Common Law Statute, and

the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq*.;

(o)    directing defendants to pay such back wages and related benefits as plaintiff

would have received had she not been wrongly harassed and intimidated in her

dwelling unit;

(p)    directing defendants to pay front pay in lieu of restoration of services;

`

(q)    directing defendants to compensate plaintiff for any adverse tax consequences;

awarding plaintiff such interest as is allowed by law;

(r)    awarding plaintiff her reasonable attorney fees  and costs and disbursements;

(s)    granting plaintiff such other and further relief as the Court finds appropriate and

equitable, including injunctive and declaratory relief as may be required in the

interest of justice;

(t)    retaining jurisdiction for the enforcement of the injunctive orders.

## NOTICE OF DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on issues triable before a jury.

Dated: New York, New York          Respectfully Submitted
       November 3, 2010

JOAN OCHEI, *pro se*
P.O Box 1399

Alternative Address          Madison Square Station
                                       New York, NY, 10159
317 West 45th Street,          (212)262-7882 – Telephone
Apt. 420          (212) 262- 7882 – Fax
New York, NY, 10036          joaniochei@verizon.net

MEMBER, PRO-SE

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:10-cv-03718-AKH

Ochei v. The City of New York et al                Date Filed: 05/05/2010
Assigned to: Judge Alvin K. Hellerstein           Jury Demand: Plaintiff
Member case: (View Member Case)                    Nature of Suit: 440 Civil Rights: Other
Cause: 42:1983 Civil Rights Act                    Jurisdiction: Federal Question

**Plaintiff**

**Joan Ochei**                          represented by   **Joan Ochei**
                                                          P.O. Box 1399
                                                          Madison Square Station
                                                          New York, NY 10159
                                                          PRO SE


V.

**Defendant**

**The City of New York**                represented by   **Matthew Joseph Modafferi**
                                                          New York City Law Department
                                                          100 Church Street
                                                          New York, NY 10007
                                                          (212) 788-1652
                                                          Fax: (212) 788-9776
                                                          Email: mmodaffe@law.nyc.gov
                                                          *LEAD ATTORNEY*


**Defendant**

**The New York City Police**            represented by   **Matthew Joseph Modafferi**
**Department**                                            (See above for address)
                                                          *LEAD ATTORNEY*


**Defendant**

**Raymond W. Kelly**
*in his official capacity as the New York*
*City Police Commissioner*
*TERMINATED: 05/05/2010*

**Defendant**

**Brendan Kalkau**                      represented by   **Matthew Joseph Modafferi**
*Individually*                                            (See above for address)
                                                          *LEAD ATTORNEY*


**Defendant**

**Brendan Kalkau**                      represented by   **Matthew Joseph Modafferi**

in his official capacity as Police Officer                    (See above for address)
                                                              *LEAD ATTORNEY*

**Defendant**

**"Jane Doe" Martin**                    represented by **Matthew Joseph Modafferi**
*Individually*                                              (See above for address)
                                                            *LEAD ATTORNEY*

**Defendant**

**"Jane Doe" Martin**                    represented by **Matthew Joseph Modafferi**
*in her official capacity as Police Officer*                (See above for address)
                                                            *LEAD ATTORNEY*

**Defendant**

**John Doe**
*Individually*

**Defendant**

**John Doe**
*in his official capacity as Police Officer*

**Defendant**

**Robert M. Morgenthau**
*In his official capacity as District
Attorney for the County of New York
TERMINATED: 05/05/2010*

**Defendant**

**Erin Choi**                            represented by **Maureen Theresa. O'Connor**
*Individually*                                              New York County District Attorney's
                                                            Office
                                                            One Hogan Place
                                                            New York, NY 10013
                                                            (212) 335-4364
                                                            Fax: (212) 335-4390
                                                            Email: o'connorm@dany.nyc.gov
                                                            *LEAD ATTORNEY*

**Defendant**

**Erin Choi**                            represented by **Maureen Theresa. O'Connor**
*innhis official capacity as Assistant                      (See above for address)
District Attorney for the County of New                     *LEAD ATTORNEY*
York*

**Defendant**

**Hon. J. Burke**
*Individually
TERMINATED: 05/05/2010*

**Defendant**

**Hon. J. Burke**
*in his official capacity as Judge of the*
*Criminal Court of the City of New York*
*TERMINATED: 05/05/2010*

**Defendant**

**317 West 45th Street, New York, NY,**
**10036**
*doing business as*
317 Aladdin Hotel Corp.
*doing business as*
Alladin Hotel Longacre. LLC

**Defendant**

**Alan Lapes**
*Individually*

**Defendant**

**Alan Lapes**
*as Owner and Managing Agent of 317*
*West 45th Street, New York, NY, 10036*

**Defendant**

**Harry Mulakoff**
*In his official capacity as Receiver of*
*317 West 45th Street, New York, NY*
*10036*
*also known as*
Malakoff

**Defendant**

**Angela Saidana**
*Individually*

**Defendant**

**Angela Saidana**
*in her official capacity as employee and*
*managing agent of 317 West 45th*
*Street, New York, NY 10036*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2010 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. (IFP GRANTED) Document filed by Joan Ochei.(ama) (Entered: 05/10/2010) |
| 05/05/2010 | 2 | COMPLAINT against John Doe, Robert M. Morgenthau, Erin Choi (Individually), Erin Choi(innhis official capacity as Assistant District Attorney for the County of New York), J. Burke(Individually), J. Burke(in his official |

| | | |
|---|---|---|
| | | capacity as Judge of the Criminal Court of the City of New York), 317 West 45th Street, New York, NY, 10036, Alan Lapes(Individually), Alan Lapes(as Owner and Managing Agent of 317 West 45th Street, New York, NY, 10036), Harry Mulakoff, Angela Saidana(Individually), Angela Saidana(in her official capacity as employee and managing agent of 317 West 45th Street, New York, NY 10036), The City of New York, The New York City Police Department, Raymond W. Kelly, Brendan Kalkau(Individually), Brendan Kalkau(in his official capacity as Police Officer), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), John Doe. Document filed by Joan Ochei.(ama) (Entered: 05/10/2010) |
| 05/05/2010 | 3 | APPLICATION for the Court to Request Counsel. Document filed by Joan Ochei.(ama) (Entered: 05/10/2010) |
| 05/05/2010 | | Magistrate Judge Frank Maas is so designated. (ama) (Entered: 05/10/2010) |
| 05/05/2010 | 4 | DEMAND TO CONSOLIDATE CASES. Document filed by Joan Ochei. (ama) (Entered: 05/10/2010) |
| 05/05/2010 | 5 | ORDER OF PARTIAL DISMISSAL. The Court grants plaintiff's requests to proceed in forma pauperis, directs the Clerk of Court to assign docket numbers to each complaint and dismisses the action as to defendants: Raymond W. Kelly, Robert M. Morgenthau and Hon. J. Burke for the reasons below. The Court directs the Clerk of Court to issue a summons under the lower of the two docket numbers in this action omitting Raymond W. Kelly, Robert M. Morgenthau and Hon. J. Burke as defendants and further directs that the Clerk reassign this case to a district judge in accordance with the procedures of the Clerk's Office. The Court directs that this case proceed under only the lower of the two docket numbers in this action and that the Clerk close the complaint under the higher of the two docket numbers. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma puperis status is denied for the purpose of an appeal. SO ORDERED. (Signed by Judge Loretta A. Preska on 05/05/10) (ama) (Entered: 05/10/2010) |
| 05/05/2010 | | CONSOLIDATED MEMBER CASE: Create association to 1:10-cv-03718-LAP. (ama) (Entered: 05/10/2010) |
| 05/13/2010 | 6 | NOTICE OF CASE REASSIGNMENT to Judge Alvin K. Hellerstein. Judge Loretta A. Preska is no longer assigned to the case. (jnm) Modified on 5/19/2010 (jnm). (Entered: 05/19/2010) |
| 05/19/2010 | | Mailed notice re: 6 Notice of Case Assignment/Reassignment to the attorney(s) of record. (jnm) (Entered: 05/19/2010) |
| 06/17/2010 | | SUMMONS ISSUED as to John Doe, Erin Choi(Individually), Erin Choi(in his official capacity as Assistant District Attorney for the County of New York), 317 West 45th Street, New York, NY, 10036, Alan Lapes(Individually), Alan Lapes(as Owner and Managing Agent of 317 West 45th Street, New York, NY, 10036), Harry Mulakoff, Angela Saidana(Individually), Angela Saidana(in her official capacity as employee and managing agent of 317 West 45th Street, New York, NY 10036), The City of New York, The New York City Police Department, Brendan Kalkau(Individually), Brendan Kalkau(in his |

| | | |
|---|---|---|
| | | capacity as Judge of the Criminal Court of the City of New York), 317 West 45th Street, New York, NY, 10036, Alan Lapes(Individually), Alan Lapes(as Owner and Managing Agent of 317 West 45th Street, New York, NY, 10036), Harry Mulakoff, Angela Saidana(Individually), Angela Saidana(in her official capacity as employee and managing agent of 317 West 45th Street, New York, NY 10036), The City of New York, The New York City Police Department, Raymond W. Kelly, Brendan Kalkau(Individually), Brendan Kalkau(in his official capacity as Police Officer), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), John Doe. Document filed by Joan Ochei.(ama) (Entered: 05/10/2010) |
| 05/05/2010 | 3 | APPLICATION for the Court to Request Counsel. Document filed by Joan Ochei.(ama) (Entered: 05/10/2010) |
| 05/05/2010 | | Magistrate Judge Frank Maas is so designated. (ama) (Entered: 05/10/2010) |
| 05/05/2010 | 4 | DEMAND TO CONSOLIDATE CASES. Document filed by Joan Ochei. (ama) (Entered: 05/10/2010) |
| 05/05/2010 | 5 | ORDER OF PARTIAL DISMISSAL. The Court grants plaintiff's requests to proceed in forma pauperis, directs the Clerk of Court to assign docket numbers to each complaint and dismisses the action as to defendants: Raymond W. Kelly, Robert M. Morgenthau and Hon. J. Burke for the reasons below. The Court directs the Clerk of Court to issue a summons under the lower of the two docket numbers in this action omitting Raymond W. Kelly, Robert M. Morgenthau and Hon. J. Burke as defendants and further directs that the Clerk reassign this case to a district judge in accordance with the procedures of the Clerk's Office. The Court directs that this case proceed under only the lower of the two docket numbers in this action and that the Clerk close the complaint under the higher of the two docket numbers. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma puperis status is denied for the purpose of an appeal. SO ORDERED. (Signed by Judge Loretta A. Preska on 05/05/10) (ama) (Entered: 05/10/2010) |
| 05/05/2010 | | CONSOLIDATED MEMBER CASE: Create association to 1:10-cv-03718-LAP. (ama) (Entered: 05/10/2010) |
| 05/13/2010 | 6 | NOTICE OF CASE REASSIGNMENT to Judge Alvin K. Hellerstein. Judge Loretta A. Preska is no longer assigned to the case. (jnm) Modified on 5/19/2010 (jnm). (Entered: 05/19/2010) |
| 05/19/2010 | | Mailed notice re: 6 Notice of Case Assignment/Reassignment to the attorney(s) of record. (jnm) (Entered: 05/19/2010) |
| 06/17/2010 | | SUMMONS ISSUED as to John Doe, Erin Choi(Individually), Erin Choi(in his official capacity as Assistant District Attorney for the County of New York), 317 West 45th Street, New York, NY, 10036, Alan Lapes(Individually), Alan Lapes(as Owner and Managing Agent of 317 West 45th Street, New York, NY, 10036), Harry Mulakoff, Angela Saidana(Individually), Angela Saidana(in her official capacity as employee and managing agent of 317 West 45th Street, New York, NY, 10036), The City of New York, The New York City Police Department, Brendan Kalkau(Individually), Brendan Kalkau(in his |

| | | |
|---|---|---|
| | | official capacity as Police Officer), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), John Doe. (msa) (Entered: 06/23/2010) |
| 06/17/2010 | | FRCP 4 (Service Package Mailed) to litigant at the address noted on complaint on 06/17/2010 via Certified Mail TRACKING # 7002 2410 0005 1439 5924. The service package included: an original summons, copies of the summons, a certified In Forma Pauperis Application (IFP), copies of the IFP, complaint and United States Marshal (U.S.M.-285) forms, a pro se handbook, change of address postcards, Judge's individual rules, instructions on how to file a motion and opposition, instructions on filing an amended complaint, application for counsel, a consent to proceed before a Magistrate Judge, and Affirmation of Service. (msa) (Entered: 06/23/2010) |
| 08/09/2010 | 7 | ENDORSED LETTER addressed to Judge Alvin K. Hellerstein from Matthew Modafferi dated 8/5/2010 re: Advising the Court that defendants intend to move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the F.R.C.P.. ENDORSEMENT: Denied. The conference will proceed as scheduled. (Signed by Judge Alvin K. Hellerstein on 8/9/2010) (jpo) (Entered: 08/09/2010) |
| 08/11/2010 | 8 | ENDORSED LETTER addressed to Judge Alvin K. Hellerstein from Joan Ochei dated 8/11/10 re: Counsel requests that your honor either reschedule this initial conference or schedule another conference which the other parties will be able to attend after the receipt of summons and complaint as well as the notice of conference. ENDORSEMENT: The conference is adjourned to September 3, 2010 at 10:00 a.m. ( Initial Conference set for 9/3/2010 at 10:00 AM before Judge Alvin K. Hellerstein.) (Signed by Judge Alvin K. Hellerstein on 8/11/10); (djc) (Entered: 08/11/2010) |
| 08/13/2010 | 9 | ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL (3) Application for the Court to Request Counsel in case 1:10-cv-03718-AKH. Plaintiffs application is denied without prejudice to its renewal when the record is more fully developed. SO ORDERED. (Signed by Judge Alvin K. Hellerstein on 8/13/2010) Filed In Associated Cases: 1:10-cv-03718-AKH, 1:10-cv-03719-AKH(jmi) (Entered: 08/16/2010) |
| 08/16/2010 | 10 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint,,, served. The City of New York served on 8/7/2010, answer due 8/30/2010. Service was made by mail. Document filed by Joan Ochei. (mro) (Entered: 08/25/2010) |
| 08/16/2010 | 11 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint,,, served. The New York City Police Department served on 8/7/2010, answer due 8/30/2010. Service was made by mail. Document filed by Joan Ochei. (mro) (Entered: 08/25/2010) |
| 08/16/2010 | 12 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint,,, served. John Doe served on 7/20/2010, answer due 8/10/2010. Service was made by mail. Document filed by Joan Ochei. (mro) (Entered: 08/25/2010) |
| 08/16/2010 | 15 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Complaint served. Erin Choi served on 8/11/2010, |

| | | |
|---|---|---|
| | | answer due 9/1/2010. Document filed by Joan Ochei. (ab) (Entered: 08/31/2010) |
| 08/27/2010 | 13 | MOTION to Dismiss the Complaint. Document filed by Brendan Kalkau(in his official capacity as Police Officer), Brendan Kalkau(Individually), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), The City of New York, The New York City Police Department.(mbe) (Entered: 08/30/2010) |
| 08/27/2010 | 14 | MEMORANDUM OF LAW in Support re: 13 MOTION to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Document filed by Brendan Kalkau(in his official capacity as Police Officer), Brendan Kalkau (Individually), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), The City of New York, The New York City Police Department. (mbe) (Entered: 08/30/2010) |
| 08/30/2010 | 16 | NOTICE OF APPEARANCE by Maureen Theresa. O'Connor on behalf of Erin Choi(in his official capacity as Assistant District Attorney for the County of New York), Erin Choi(Individually) (mbe) (Entered: 08/31/2010) |
| 08/31/2010 | 17 | ENDORSED LETTER addressed to Judge Alvin K.Hellerstein from Maureen T. O'Connor dated 8/30/2010 re: Requesting an extension of time to September 23, 2010, in which to file a responsive pleading, or a motion to dismiss the complaint, pursuant to FRCP 12(b)(6). ENDORSEMENT: An adjournment can be discussed with all other issues at the September 3, 2010 conference. (Signed by Judge Alvin K. Hellerstein on 8/30/2010) (jpo) (Entered: 08/31/2010) |
| 09/03/2010 | | Minute Entry for proceedings held before Judge Alvin K. Hellerstein: Initial Pretrial Conference held on 9/3/2010. Motion to be filed 9/17/10; Response by 10/8/10; Reply by 10/15/10. Next conference is set for 10/29/10 at 10:30am. (mro) (Entered: 09/09/2010) |
| 09/17/2010 | 18 | ORDER DENYING RULE 12(b)(6) MOTION AND SUA SPONTE REGULATING COMPLAINT: A motion has been made on behalf of the two police officers and the assistant district attorney to dismiss the complaint as deficient on its face. Fed. R. Civ. P. 12(b)(6). At this point, defendants' motion is DENIED. Because of the motion, I have had an opportunity to read the complaint as a whole. Glaring legal deficiencies are apparent, and it is better for me to deal with them now. The complaint names the City of New York and the New York City Police Department as defendants. The New York City Police Department is not a jural entity, and cannot be sued separately from the City. The complaint against the New York City Police Department is DISMISSED. The complaint against the City of New York is DISMISSED. Plaintiff, within seven days, shall reformulate the caption to eliminate the parties who have been dismissed, by Chief Judge Preska and by this Order. Defendants shall file their Answer within ten days thereafter. The parties (plaintiff pro se, and the defendants through their counsel), shall meet with me in conference November 5, 2010, at 10:30 a.m. to schedule a deposition of plaintiff and such other proceedings as may be appropriate, including the filing of motions. The Clerk shall mark the motion (Doc No. 13) terminated. (Signed by Judge Alvin K. Hellerstein on 9/17/2010) (jfe) (Entered: 09/17/2010) |

| | | answer due 9/1/2010. Document filed by Joan Ochei. (ab) (Entered: 08/31/2010) |
|---|---|---|
| 08/27/2010 | 13 | MOTION to Dismiss the Complaint. Document filed by Brendan Kalkau(in his official capacity as Police Officer), Brendan Kalkau(Individually), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), The City of New York, The New York City Police Department.(mbe) (Entered: 08/30/2010) |
| 08/27/2010 | 14 | MEMORANDUM OF LAW in Support re: 13 MOTION to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Document filed by Brendan Kalkau(in his official capacity as Police Officer), Brendan Kalkau (Individually), "Jane Doe" Martin(Individually), "Jane Doe" Martin(in her official capacity as Police Officer), The City of New York, The New York City Police Department. (mbe) (Entered: 08/30/2010) |
| 08/30/2010 | 16 | NOTICE OF APPEARANCE by Maureen Theresa. O'Connor on behalf of Erin Choi(in his official capacity as Assistant District Attorney for the County of New York), Erin Choi(Individually) (mbe) (Entered: 08/31/2010) |
| 08/31/2010 | 17 | ENDORSED LETTER addressed to Judge Alvin K.Hellerstein from Maureen T. O'Connor dated 8/30/2010 re: Requesting an extension of time to September 23, 2010, in which to file a responsive pleading, or a motion to dismiss the complaint, pursuant to FRCP 12(b)(6). ENDORSEMENT: An adjournment can be discussed with all other issues at the September 3, 2010 conference. (Signed by Judge Alvin K. Hellerstein on 8/30/2010) (jpo) (Entered: 08/31/2010) |
| 09/03/2010 | | Minute Entry for proceedings held before Judge Alvin K. Hellerstein: Initial Pretrial Conference held on 9/3/2010. Motion to be filed 9/17/10; Response by 10/8/10; Reply by 10/15/10. Next conference is set for 10/29/10 at 10:30am. (mro) (Entered: 09/09/2010) |
| 09/17/2010 | 18 | ORDER DENYING RULE 12(b)(6) MOTION AND SUA SPONTE REGULATING COMPLAINT: A motion has been made on behalf of the two police officers and the assistant district attorney to dismiss the complaint as deficient on its face. Fed. R. Civ. P. 12(b)(6). At this point, defendants' motion is DENIED. Because of the motion, I have had an opportunity to read the complaint as a whole. Glaring legal deficiencies are apparent, and it is better for me to deal with them now. The complaint names the City of New York and the New York City Police Department as defendants. The New York City Police Department is not a jural entity, and cannot be sued separately from the City. The complaint against the New York City Police Department is DISMISSED. The complaint against the City of New York is DISMISSED. Plaintiff, within seven days, shall reformulate the caption to eliminate the parties who have been dismissed, by Chief Judge Preska and by this Order. Defendants shall file their Answer within ten days thereafter. The parties (plaintiff pro se, and the defendants through their counsel), shall meet with me in conference November 5, 2010, at 10:30 a.m. to schedule a deposition of plaintiff and such other proceedings as may be appropriate, including the filing of motions. The Clerk shall mark the motion (Doc No. 13) terminated. (Signed by Judge Alvin K. Hellerstein on 9/17/2010) (jfe) (Entered: 09/17/2010) |

| 09/17/2010 |    | Set/Reset Hearings: Status Conference set for 11/5/2010 at 10:30 AM before Judge Alvin K. Hellerstein. (jfe) (Entered: 09/17/2010) |
|---|---|---|
| 09/20/2010 | 19 | MOTION to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedures. Document filed by Erin Choi(innhis official capacity as Assistant District Attorney for the County of New York), Erin Choi(Individually).(mbe) (Entered: 09/20/2010) |
| 10/07/2010 | 20 | ENDORSED LETTER addressed to Judge Alvin K. Hellerstein from Joan Ochei dated 10/5/2010 re: Requesting an extension of time until November 1, 2010 to respond to any pending matter in this lawsuit. ENDORSEMENT: Plaintiffs'. (Signed by Judge Alvin K. Hellerstein on 10/6/2010) Filed In Associated Cases: 1:10-cv-03718-AKH, 1:10-cv-03719-AKH(jpo) (Entered: 10/07/2010) |
| 10/07/2010 | 21 | ENDORSED LETTER addressed to Judge Alvin K. Hellerstein from Matthew Modafferi dated 10/4/2010 re: Requesting dismissal of Plaintiff's complaint for failure to comply with the Court's September 17, 2010 Order, or in the alternative an adjournment of the conference currently scheduled on November 5, 2010 at 10:30 am to November 5, 2010 in the afternoon, or to a date and time convenient to the Court. ENDORSEMENT: Motion denied. See my indorsed order of 10/6/2010, enlarging plaintiffs time. (Signed by Judge Alvin K. Hellerstein on 10/6/2010) (jpo) (Entered: 10/07/2010) |
| 10/15/2010 | 22 | ENDORSED LETTER addressed to Judge Alvin K. Hellerstein from Maureen T. O'Connor dated 10/12/2010 re: Requesting an adjournment of the conference currently scheduled for November 5, 2010. ENDORSEMENT: The conference is adjourned to November 19, 2010 at 10:30 am. (Signed by Judge Alvin K. Hellerstein on 10/14/2010) (jpo) (Entered: 10/15/2010) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/21/2010 09:01:44 | | |
| PACER Login: | jo1755 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:10-cv-03718-AKH |
| Billable Pages: | 5 | Cost: | 0.40 |

# EXHIBIT A

**ORIGINAL COMPLAINT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOAN OCHEI,

                      Plaintiff,

          -against-

**THE CITY OF NEW YORK;**
**THE NEW YORK CITY POLICE DEPARTMENT;**
**RAYMOND W. KELLY**, in his official capacity as the New
York City Police Commissioner; **BRENDAN KALKAU**,
Individually and in his official capacity as Police Office;
**"JANE DOE" MARTIN**, Individually and in her official
capacity as Police Office; **"JOHN DOE"**, Individually and in
his official capacity as Police Office;
**ROBERT M. MORGENTHAU**, In his official capacity as
District Attorney for the County of New York;
**ERIN CHOI**, Individually and in his official capacity as
Assistant District Attorney for the County of New York;
**Hon. J. BURKE**, Individually and in his official capacity as
Judge of the Criminal Court of the City of New York

          -and-

**317 WEST 45th STREET, NEW YORK, NY, 10036**, d/b/a
**317 ALADDIN HOTEL CORP.**, d/b/a **ALLADIN HOTEL
LONGACRE. LLC; ALAN LAPES**, Individually and as
Owner and Managing Agent of 317 West 45th Street, New
York, NY, 10036; **HARRY MULAKOFF** a/k/a **MALAKOFF**
In his official capacity as Receiver of 317 West 45th Street, New
York, NY, 10036 **ANGELA SAIDANA**, Individually and in
her official capacity as employee and managing agent of 317
West 45th Street, New York, NY, 10036;

                      Defendants.
-------------------------------------------------------------x

    \_\_ **Civ.** \_\_\_\_ ( ) ( )

    **COMPLAINT**

    **PLAINTIFF DEMANDS
A TRIAL BY JURY**



      Plaintiff, Joan Ochei ("Ochei" or "Plaintiff"), proceeding *pro se,* for her Complaint and

claim against defendants in the above entitled action, alleges and states as follows:

<u>NATURE OF THE ACTION</u>

    1.    Whether characterized as a "right" or "privilege," a person cannot be deprived of

liberty or possessory rights for arbitrary reasons or in a manner that offends the Due Process or

Equal Protection Clause of the Fourteenth Amendment of the United State Constitution.  A State

cannot aid and abet a landlord in acts or omissions that substantially interfere with or disturb the

comfort, peace or quiet of a person in a manner or for a reason that contravene the Due Process

or Equal Protection Clause of the Fourteenth Amendment.  Arbitrary, subjective and politically

motivated arrests, prosecutions, or evictions are unlawful. A claim of liberty or possessory right

to a dwelling unit in a State and deprivation of that right is a controversy.  Moreover, the

requirements of due process must be met before a State or a landlord can deprive a person of

liberty or evict a person from a dwelling unit.

2.      Plaintiff brings the action alleging that the State of New York aided and abetted

her landlord in its unlawful eviction practice and have engaged in constitutionally invidious

discrimination by inappropriately offering plaintiff a plea bargain compelling plaintiff to

explicitly and implicitly plead guilty to a misdemeanor as a condition for dismissing a criminal

charge of third degree assault against the plaintiff.

3.      Plaintiff's refusal to plead guilty to a lesser misdemeanor charge of violation

resulted in plaintiff having to make several court appearances of up to eight times between May

15, 2008 and November 16, 2009, before the Court finally dismissed the charge against her.

4.      While the ultimate goal of the defendants – to give criminal defendants the

opportunity to avoid sitting through a trial risking conviction on the original more serious charge

is certainly lawful, the means used by the defendants to achieve that goal is not.

5.      The defendants' policy applicable to all criminal defendants offering lesser charge

of misdemeanor for a speedy dismissal of charges against them, and requiring each person

charged with misdemeanor to plead guilty to a violation as a condition for dismissing charges

against them is certainly unlawful.

2

Equal Protection Clause of the Fourteenth Amendment of the United State Constitution. A State cannot aid and abet a landlord in acts or omissions that substantially interfere with or disturb the comfort, peace or quiet of a person in a manner or for a reason that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. Arbitrary, subjective and politically motivated arrests, prosecutions, or evictions are unlawful. A claim of liberty or possessory right to a dwelling unit in a State and deprivation of that right is a controversy. Moreover, the requirements of due process must be met before a State or a landlord can deprive a person of liberty or evict a person from a dwelling unit.

2.    Plaintiff brings the action alleging that the State of New York aided and abetted her landlord in its unlawful eviction practice and have engaged in constitutionally invidious discrimination by inappropriately offering plaintiff a plea bargain compelling plaintiff to explicitly and implicitly plead guilty to a misdemeanor as a condition for dismissing a criminal charge of third degree assault against the plaintiff.

3.    Plaintiff's refusal to plead guilty to a lesser misdemeanor charge of violation resulted in plaintiff having to make several court appearances of up to eight times between May 15, 2008 and November 16, 2009, before the Court finally dismissed the charge against her.

4.    While the ultimate goal of the defendants – to give criminal defendants the opportunity to avoid sitting through a trial risking conviction on the original more serious charge is certainly lawful, the means used by the defendants to achieve that goal is not.

5.    The defendants' policy applicable to all criminal defendants offering lesser charge of misdemeanor for a speedy dismissal of charges against them, and requiring each person charged with misdemeanor to plead guilty to a violation as a condition for dismissing charges against them is certainly unlawful.

6.      Despite plaintiff's contemporaneous oral motion for a grand jury investigation of her case and for self representation on May 19, 2009, plaintiff was represented on September 10, 2009 by the Court appointed public defender counsel whom Ochei had specifically requested the Court to relieve from her case.

7.      Defendants' unlawful, arbitrary and capricious targeting of the plaintiff for punishment based strictly on her refusal to affirmatively plead guilty to a misdemeanor is separate and apart from plaintiff's good moral character, and her conduct on the day of her arrest that would otherwise permit plaintiff to a speedy trial and/or a speedy dismissal of charge against her.

8.      After her second Court appointed counsel refused to address her concerns regarding the late hour investigation of her case which had already been investigated by The Legal Aid Society, and also following her dissatisfaction with the Court's decision to assign this new counsel on her case more than six months after her arrest and without reasonable cause, on May 19, 2009, Ochei made an oral motion for grand jury investigation of her case and for the Court to relieve her counsel, but the Court either denied or ignored plaintiff's motion.

9.      The allegations below leave no doubt that it is the defendants' intention to impose a grave constitutional injury upon plaintiff for plaintiff's refusal to affirmatively plead guilty to a misdemeanor as a condition for dismissal of the misdemeanor charge of third degree assault against plaintiff.

10.     Defendants have arbitrarily and capriciously deprived plaintiff of her constitutionally protected right to a fundamentally fair prosecution.

11.     Defendants' disguised mechanism to evict tenants without due process has the discriminatory impact of persecuting and oppressing plaintiff's quiet and peaceful possession of

her dwelling unit, which is protected by the Fifth Amendment of the United States Constitution.

12.    Defendants' conduct in compelling plaintiff to make several court appearances while repeatedly issuing her temporary restraining order at each court appearance and ordering her to stay away from her accuser is tantamount to covert boycott and deprivation of plaintiff's possessory rights in violation of plaintiff's Fifth Amendment rights guaranteed by the United States Constitution.

13.    Defendants' denial of a legitimate claim of entitlement to a protectable property and liberty interest is in violation of the Fourth and Fifth Amendments' Due Process Clause of the United States Constitution.

14.    Defendants' denial of plaintiff's protectable property and liberty interest is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

15.    Defendants' denial of plaintiff's Equal Protection of the law is a violation of the Fourteenth Amendment of the United States Constitution.

16.    Plaintiff seeks to recover damages caused to the plaintiff by the defendants' violation of rights under federal, state, city and common laws.

17.    Plaintiff brings this action pursuant to §§ 1981, 1982, 1983 of the Civil Rights Act 42 U.S.C. of §§ 1981. 1982, and 1983, the Fair Housing Law, and related New York State and City law, The Fourth Amendment, The Fifth Amendment, The Sixth Amendment, The Fourteenth Amendments and New York State Common Law Statute.

18.    Plaintiff seeks declaratory and injunctive reliefs having asserted facts sufficient to establish irreparable harm.

19.    If no injunction issues, plaintiff will continue to be subjected to deprivation of her

4

liberty and possessory rights without just compensation or due process in violation of the Fourth,

Fifth and Fourteenth Amendment as a result of the defendants' unlawful arbitrary and capricious

targeting of the plaintiff.

20.      The injunction plaintiff seeks will not harm defendants because the conduct of

unlawful eviction sought to be enjoined is necessary for the defendants to ensure lawful practice

of maintaining safe habitable dwelling units for tenants without unreasonable interference with

their comfort peace and quiet.

21.      Finally, granting the injunction serves the public interest by upholding important

constitutional rights contained in the United States Constitution.

JURISDICTION AND VENUE

22.      The Court has jurisdiction over plaintiff's Section 1981, 1982, 1983, 1985, 1986

and 1988 under 28 U.S.C §§ 1331 and 1343, 28 U.S.C § 2201, 42 U.S.C §§ 3613,   .

23.      The Court has supplemental jurisdiction over plaintiff's State and City claims, and

Fair Housing Law claims pursuant to 28 U.S.C. § 1367.

24.      The jurisdiction of this Court is proper under 28 U.S.C 1332(a)(2) because the

defendants are citizens of a state and the plaintiff is a citizen of a foreign state and the amount in

controversy exceeds $75, 000 exclusive of interest and other costs.

25.      Venue is proper in this district pursuant to 28 U.S.C. §1391 because the

properties that are the subject of this action are situated in this district.  As each defendant is a

resident of and/or maintains a permanent business office in this district and the Southern District

of New York is the district where a substantial part of the events giving rise to the claim

occurred, venue is proper within this district pursuant to 28 U.S.C. §1391.

26.      Pursuant to §8-502(c) of the City Law, prior to filing the Complaint, plaintiff will

serve a copy of the Complaint on City of New York Commission on Human Rights and the

Corporation Counsel of the City of New York.

PARTIES

27.    Plaintiff, Joan Ochei is a black female born in Nigeria and has been residing in New York since April 1983.  At the time of the events relevant to the allegations in this Complaint, plaintiff was and continues to be a tenant lawfully entitled to possession of the apartment/room at 317 West 45th Street, Apt 420, New York, New York, 10036.  Ochei has been residing at 317 West 45th since March 1988.

28.    Defendant 317 West 45th Street, New York, NY, 10036 ("317 West 45th Str"), d/b/a Alladin Hotel Longacre, LLC, and also d/b/a 317 Aladdin Hotel Corp. is a residential real estate corporation that owns property located at 317 West 45th Street, New York, NY, 10036. Defendant 317 West 45th Str is listed as a corporation under New York City Housing Preservation and Development ("HPD") Building Registration Summary Report with a principal place of business at 317 West 45th Street, Apt 100, New York, New York, 10036.

29.    Defendant Alladin Hotel Longacre, LLC ("Alladin/Londacre") is a domestic limited liability company and active and in good standing in the State of New York, and operating a residential real estate business in New York.  On information and belief, and at all relevant times herein, defendant Alladin Hotel Longacre, LLC is also doing business as 317 Aladdin Hotel Corp. with a principal place of business at 317 West 45th Street New York, New York, 10036.

30.    Defendant 317 Aladdin Hotel Corp. ("317 Aladdin") is a domestic corporation active and in good standing in the State of New York, and operating a residential real estate business in New York.  On information and belief, and at all relevant times herein, defendant 317 Aladdin Hotel Corp. is also doing business as Alladin Hotel Longacre, LLC with a principal

6

place of business at 230 West 54th Street, New York, New York, 10019.

31.     Defendant, Alan Lapes ("Mr. Lapes") is the owner, and managing agent of 317 West 45th Street, New York, NY, 10036, d/b/a Alladin Hotel Longacre, LLC, and also d/b/a 317 Aladdin Hotel Corp. with a principal place of business at 317 West 45th Street, Apt 100, New York, New York, 10036. On information and belief he is a white citizen of New York.

32.     On information and belief, defendant, Harry Malakoff (a/k/a Mulakoff) ("Mr. Malakoff") is the receiver of the property referred to as 317 West 45th Street, New York, NY, 10036. Mr. Malakoff is a New York licensed real estate broker with a principal place of business at 11 Penn Plaza, Apt 2U, New York, NY, 10001. On information and belief he is a white citizen of New York

33.     On information and belief, and at all times relevant herein, defendant, Angela Saidana ("Ms Saidana") is an employee, officer and/or managing agent of Alan Lapes and/or 317 West 45th Street and/or Alladin Hotel Longacre, LLC and/or 317 Aladdin Hotel Corporation. On information and belief, Ms Saidana resides at an address known to the District Attorney and she is a female of Hispanic descent.

34.     Defendants, 317 West 45th Street; Alladin/Longacre; 317 Aladdin; Mr. Lapes; Mr. Malakoff; and Ms Saidana are collectively referred to herein as "Landlord"

35.     Defendant The City of New York ("NYC"or the "City") is a municipal corporation organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented through the various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of defendants Raymond W. Kelly, Brendan Kalkau, "Jane Doe" Martin, Supervisor "John Doe," Robert M. Morgenthau, Erin Choi, and Hon. J. Burke.

7

36.    Defendant, the New York City Police Department (NYPD") is a public entity

with its principal offices located in the City and County of New York and its headquarter located

at One Police Plaza and situated at Lower Manhattan, New York City. On information and

belief, it is one of the agencies and/or departments under the governorship of NYC and is the

employer of law enforcement officials including police officers.

37.    Defendant, Raymond W. Kelly ("Mr. Kelly" or "Commissioner") is a resident of

New York and/or maintains his permanent business office in the City and County of New York,

and is a duly appointed Police Commissioner of the City and County of New York at all times

relevant to this Complaint. He is and has been responsible for the promulgation and

implementation of police policies, procedures, and practices in the City of New York. In regard

to the matters here at issue, defendant Kelly acted at all times as the City's authorized agent,

whose actions here at issue were approved in advance and ratified after the fact by the City. On

information and belief he is a white citizen of New York.

38.    Defendant, Brendan Kalkau ("Kalkau" or "Officer Kalkau") is a resident of New

York and/or maintains his permanent business office in the City and County of New York, and is

a police officer employed in the New York City Police Department, with Police Officer ID

Number 10287 of the 018 Precinct-Midtown North Precinct, at all times relevant to this

Complaint. He is and has been responsible for the arrest of plaintiff on or May 14, 2008. In

regard to the matters here at issue, defendant Kalkau acted at all times as the City's authorized

agent whose actions here at issue were approved in advance and ratified after the fact by the

City. On information and belief he is a white citizen of New York.

39.    Defendant, "Jane Doe" Martin ("Officer Martin" or "Martin") is a resident of

New York and/or maintains her permanent business office in the City and County of New York,

8

and is a police officer employed in the New York City Police Department, with Police Officer ID

Number 27702 of the 018 Precinct-Midtown North Precinct, at all times relevant to this

Complaint.  She is and has been responsible for the body search of plaintiff in front of Officer

"John Doe," and other police officers at the visitors' public area of the 018 precinct on May 14,

2008.  On February 29, 2008, Plaintiff filed a complaint against Police Officer Martin with the

Civilian Complaint Review Board (Compl. # 08-0877) following Officer Martin's inappropriate

behavior, including threat of arresting plaintiff during her response to plaintiff's "911 Call".  In

regard to the matters here at issue, defendant Martin acted at all times as the City's authorized

agent, whose actions here at issue were approved in advance and ratified after the fact by the

City.  On information and belief she is a black citizen of New York and she is of Hispanic

descent.

     40.     Defendant, Officer "John Doe" ("Supervisor 'John Doe'") is a resident of New

York and/or maintains his permanent business office in the City and County of New York, and is

a police officer of unknown rank supervisor of Police Officers Brendan Kalkau and "Jane Doe"

Martin at the 018 Precinct-Midtown North Precinct, at all times relevant to this Complaint.

Upon plaintiff's arrival in handcuff at the precinct on May 14, 2008, Police Officer "John Doe is

and has been responsible for the initial processing of plaintiff after Officer Martin identified

plaintiff to him by specifically stating "here is your subject".  In regard to the matters here at

issue, defendant "John Doe" acted at all times as the City's authorized agent, whose actions here

at issue were approved in advance and ratified after the fact by the City.  On information and

belief he is a white citizen of New York.

     41.     At all times relevant to this Complaint, Defendant, Robert M. Morgenthau is a

resident of New York and/or maintains his permanent business office in the City and County of

New York, and is an elected District Attorney ("DA") of New York County (Manhattan), New York to supervise the day to day operation of criminal prosecutors. He or the current District Attorney is and has been responsible for the promulgation and implementation of policies, procedures, and practices of Assistant District Attorneys ("ADA") in the City and County of New York. The District Attorney's office which operates out of 1 Hogan Place (also known as 100 Centre Street), New York, NY, 10013-4378 is responsible for prosecution of violation of New York state laws. In regard to the matters here at issue, defendant Morgenthau acted at all times as the City's authorized agent, whose actions here at issue were approved in advance and ratified after the fact by the City. On information and belief he is a white citizen of New York.

42.    Defendant, Erin Choi ("Choi") is a resident of New York and/or maintains his permanent business office in the City and County of New York, and is an Assistant District Attorney employed by the District Attorney to prosecute cases as a representative of the People of State of New York, at all times relevant to this Complaint. As such he was at all material times responsible for the prosecution of violations of New York state laws. In regard to the matters here at issue, defendant Choi acted at all times as the City's authorized agent, whose actions here at issue were approved in advance and ratified after the fact by the City. On information and belief he is a white citizen of New York and he is of Asian descent.

43.    Defendant, Hon. J. Burke is a resident of New York and/or maintains his permanent business office in the City and County of New York, and is a Judge of The New York City Criminal Court appointed by the Mayor of New York City to provide equal justice to all "citizens" who come before him. As such he is responsible for the implementation of policies, procedures and practices instituted by the Mayor in order to ensure that "all people" are treated with dignity, courtesy, and respect, and to impartially and efficiently administer the criminal

laws of New York State.  In regard to the matters here at issue, defendant Hon. J. Burke acted at

all times as the City's authorized agent, whose actions here at issue were approved in advance

and ratified after the fact by the City.  On information and belief he is a black citizen of New

York and he is of African or Hispanic descent.

      44.     All "persons" referred to herein as a defendant are collectively referred to as

"Defendants".

FACTUAL ALLEGATION

**A.**    <u>**Background**</u>

      45.     Plaintiff, Joan Ochei's claims in this case arise out of a long and continuing

pattern of harassments which include but are not limited to prior police arrest; physical and

mental assaults and batteries  by the agents, employees, and/or managers of Ochei's landlord that

dates back to 1988.  Specifically, these particular claims arise out of an incident on May 14,

2008, involving her landlord's agent, Ms. Saidana in which Ochei was pushed to the ground and

apparently sustained a bump on her forehead when Ochei went to the management office to

report a leaking faucet and no hot water[1] inside the fourth floor community bathroom.

      46.     Due to the traumatic impact of this physical attack and the fall to the ground,

Ochei did not feel the effect of her injury immediately.

      47.     However, Ochei received immediate assistance from two individuals who

witnessed this fall and observed the bump on Ochei's forehead.

      48.     These two witnesses who are social service workers escorted Ochei to their office

and encouraged Ochei to call 911 for emergency medical service ("EMS") while providing

emotional support by staying with Ochei until the police and EMS personnel arrived.

---

[1] The faucet has been leaking water for over one year and the hot water inside the 4th floor community
bathroom has been turned off for over three weeks prior to the day of this incident, May 14, 2008.

11

49.     The police officers arrived inside the social service office where Ochei was sitting and began questioning Ochei immediately.

50.     Shortly thereafter, the EMS personnel arrived and attempted to interrupt the dialogue in an effort to administer medical care to Ochei, but Officer Kalkau ordered the EMS to leave the room.

51.     At a certain point during the short dialogue that lasted less than two minutes, Officer Kalkau demanded that Ochei show her identification card ("ID") to him which Ochei obliged to by presenting her Federal Government issued ID to Officer Kalkau.

52.     As Officer Kalkau was about to put Ochei's ID inside his pocket, Ochei politely informed the officer that she did not like to part with her ID, and then offered to make a photocopy for the officer.  Ochei offered Officer Kalkau two options; first, for Office Kalkau to hold on to Ochei's pocket books (hand bags) while Ochei stepped out to copy her ID, or for Officer Kalkau to accompany Ochei to the location where she would make this copy.

53.     Officer Kalkau simply ignored Ochei and put Ochei's ID inside his pocket.

54.     In response to Ochei's question as to why Officer Kalkau seized her ID, the officer announced that he was arresting Ochei.

55.     Astonished by this unexpected announcement, both Ochei and these two social service workers asked Officer Kalkau to explain why Ochei who was injured was being arrested.

56.     Unable to formulate an immediate response, Officer Kalkau stepped out of the social service office leaving Ochei with the two social service workers who later stepped out leaving Ochei alone.

57.     Within 10-15 minutes, Officer Kalkau returned to the social service office, accompanied by the two social service workers and a third social service worker who is of

Hispanic descent like Ms. Saidana[2] and informed Ochei that he was placing her under arrest for third degree assault.

58.    When asked to explain the basis for this charge, Officer Kalkau stated that Ms. Saidana claimed that Ochei attacked Ms. Saidana by breaking Ms. Saidana's skin with her nails, and that he, Officer Kalkau observed this broken skin.

59.    As a response to this false allegation, Ochei immediately showed Officer Kalkau her nails and demanded a copy of the surveillance tape that was monitoring the lobby between 7:00 am and the time of police and the EMS personnel arrival at the scene which was approximately 8:00 am.

60.    Officer Kalkau ignored Ochei's request and proceeded to handcuff and seize Ochei's personal belongings which included her wrist watch, cell phone, two pocket books (hand bags), and a folding cart, plus the ID which has already been seized.

61.    Following the announcement by Officer Kalkau that Ochei was under arrest, the two non-Hispanic social service workers wrote down their telephone number on a piece of paper and handed it to Ochei, but Officer Kalkau quickly seized this telephone number from Ochei.

62.    Before leaving the social service office area, Ochei informed Officer Kalkau that she had some valuable items of up to two thousand Dollars ($2000) inside her pocket book, including cash and her tax refund check, and would like to place all her personal belongings inside her room.

63.    Officer Kalkau denied Ochei's request, instead, Ochei was asked to show the keys to her room to Officer Kalkau who seized them from her.

64.    Shortly after seizing Ochei's keys, Officer Kalkan informed Ochei that he had

---

[2]  The two social service workers who witnessed Ochei's fall are black female.

decided to not take Ochei's personal belongings to the precinct.

65.    After escorting Ochei in handcuff to the police patrol car where she was placed in custody of Officer Kalkau's partner in the patrol car, Officer Kalkau then supposedly returned Ochei's personal belongings to Ochei's room.

66.    The law is clearly established that a valid arrest must be based upon probable cause. Officer Kalkau had neither probable cause to arrest plaintiff nor did he have a warrant to do so.

67.    No reasonable police officer, given the circumstances that preceded plaintiff's arrest, could have concluded that there was probable cause to arrest Ochei.

68.    At no time prior to Officer Kalkau's arrival on the scene or during plaintiff's interactions with Officer Kalkau did plaintiff act violently. On the contrary, Ochei was the victim who was pushed to the ground by her attacker, Ms. Saidana.  Plaintiff also did not threaten anyone verbally or physically or interfere in any way with the officer's investigation.

69.    At no time prior to Officer Kalkau's arrival at the scene or during the interactions with Officer Kalkan did plaintiff use words that by their very utterance inflict injury.

70.    At no time prior to Officer Kalkau's arrival on the scene or during the interactions with Officer Kalkau did plaintiff use words that by their very utterance tend to incite an immediate breach of the peace.

71.    At no time prior to Officer Kalkau's arrival on the scene or during the interactions with Officer Kalkau did plaintiff otherwise behave in a disorderly manner, except to the extent that the officer believed that her spontaneous reaction to the attack to be assault.

72.    Plaintiff was charged with assault without taking any statement regarding the incident prior to her arrest from any unrelated witness, including the security guard on duty, and